942 A.2d 767

IN THE MATTER OF DAVID W. BOYER, AN ATTORNEY
AT LAW (ATTORNEY NO. 033781992).

February 29, 2008.

## ORDER

The Disciplinary Review Board having filed with the Court its
decision in DRB 07–209, concluding that **DAVID W. BOYER** of
**HAMILTON**, who was admitted to the bar of this State in 1992,
should be suspended from the practice of law for a period of three
months for violating *RPC* 1.3 (lack of diligence), *RPC* 1.4(c) (failing
to explain matter to extent necessary to permit client to make
informed decisions concerning the representation), *RPC* 1.7(a)(2)
(conflict of interest), *RPC* 1.8(a) (acquiring pecuniary interest
adverse to client without obtaining client's informed consent), and
*RPC* 8.4(c) (misrepresentation);

And **DAVID W. BOYER** and the Office of Attorney Ethics
having stipulated that respondent should complete a course of
continuing legal education and should practice law under supervi-
sion for a period of two years;

And good cause appearing;

It is ORDERED that **DAVID W. BOYER** is suspended from
the practice of law for a period of three months and until the
further Order of the Court, effective April 1, 2008; and it is
further

ORDERED that respondent shall enroll in and complete a legal
education course approved by the Office of Attorney Ethics and on
reinstatement to the practice of law, respondent shall practice law
under the supervision of a practicing attorney approved by the
Office of Attorney Ethics for a period of two years and until the
further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing
with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.